IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAWANA PATRICE SALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV476 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Tawana Sales brought this action to obtain review of a final decision of the Commissioner of Social Security[1] denying her claim for disability insurance benefits and supplemental security income. The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 9, 12, 15.)

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income in April 2015 alleging a disability onset date of April 20, 2015. (Tr. 393-405.)[2] The application was denied initially and again upon reconsideration. (*Id.* at 292-96, 303-21.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] Andrew Saul was confirmed as the Commissioner of Social Security on June 4, 2019 and was sworn in on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 7.)

(*Id.* at 322-24.)  After a hearing on February 5, 2018, the ALJ determined that Plaintiff was not disabled on June 13, 2018.  (*Id.* at 13-32.)  Plaintiff requested review of the decision by the Appeals Council, which was denied on March 27, 2019 (*id.* at 1-4), making the ALJ's 2018 decision the final decision for purposes of review.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow.  *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).  Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision.  42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  The issue before the Court, therefore, is not whether Plaintiff is disabled but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.  *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520; 416.920(a)(4).  *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).[3]  The ALJ determined at

---

[3] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. §§ 404.1520(a)(4),416.920(a)(4)).  "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [his] past relevant work; and (5) if not, could

2

step one that Plaintiff had not engaged in substantial gainful activity between her alleged onset date (April 20, 2015) and the date of decision (June 13, 2018). (Tr. 18.) The ALJ next found the following severe impairments at step two: discoid lupus; degenerative disc disease; obesity; migraine; major depressive disorder; anxiety; an alcohol use disorder; and drugs, substance addiction. (*Id.* at 19.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one listed in 20 C.F.R. Pt. 404, Subpt. P, App. I. (*Id.* at 20.) The ALJ next set forth Plaintiff's Residual Functional Capacity[4] ("RFC") and determined that she could perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following modifications:

> [Plaintiff] can reach overhead with the left upper extremity occasionally. [She] can handle and finger frequently, bilaterally. [Plaintiff] can stoop frequently. [She] can have no exposure to extreme heat. [She] must avoid working outdoors in bright sunshine. [Plaintiff] can perform simple, routine, and repetitive tasks. [She] can make work-related decisions. [She] can interact with the public occasionally.

(*Id.* at 22) At the fourth step, the ALJ determined that Plaintiff was unable to perform any

---

perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.*

[4] The "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981). The "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." *Hines*, 453 F.3d at 562-63. An ALJ need not discuss every piece of evidence in determining the RFC. *See, e.g.*, *Matney v. Colvin*, No. 1:09-CV-229, 2013 WL 1788590, *3 (M.D.N.C. April 26, 2013) (unpublished). What is required is "an accurate and logical bridge from the evidence to [the] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Matney*, 2013 WL 1788590, at *3.

past relevant work. (*Id.* at 30.) Last, at step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform. (*Id.* at 31.) Consequently, the ALJ concluded that Plaintiff was not disabled. (*Id.* at 32.)

## V. ISSUE AND ANALYSIS

Plaintiff raises two objections to the ALJ's decision.[5] First, she argues that remand is warranted for evaluation of evidence first submitted to the Appeals Council. (Docket Entry 13 at 8-14.) Second, she further contends that the ALJ's decision fails to address material conflicts between the medical opinions of the state agency psychological consultants and the RFC. (Docket Entry 14 at 1-3.)

### A. Evidence Submitted to the Appeals Council

Plaintiff is entitled to remand for consideration of evidence first submitted to the Appeals Council. The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. *See* 20 C.F.R. §§ 404.968, 404.970(b). Once the ALJ renders a decision, the claimant is permitted to submit additional evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision, and the Appeals Council *must* consider evidence submitted by a claimant with the request for review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative.

---

[5] Plaintiff initially argued in this matter that the ALJ erred by failing to resolve an alleged inconsistency at step five between the vocational expert's testimony and the Dictionary of Occupational Titles. (Docket Entry 13 at 4-8.) However, she subsequently filed a notice that a Fourth Circuit decision, *Lawrence v. Saul*, 941 F.3d 140 (4th Cir. 2019), had rendered this argument unsupported by case law. (Docket Entry 14 at 1.) The Court need not further consider this argument.

*See id.*, 953 F.2d at 96. Evidence is material if there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). When the Appeals Council decides to deny review, it need not provide any explanation of its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). "In evaluating whether remand is necessary, we view the administrative record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision." *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233, 233 (4th Cir. 2015) (citing *Wilkins*, 953 F.2d at 96).

Here, Plaintiff submitted additional evidence—records from University of North Carolina Health Care dated December 19, 2017 through June 4, 2018 (Tr. 126-221)—and the Appeals Council determined that the information did "not show a reasonable probability that it would change the outcome of the decision."[6] (*Id.* at 2.) The Appeals Council therefore found no basis for granting Plaintiff's request for review of the ALJ's decision and did not exhibit[7] the additional information into the record. (*Id.*)

A review of the record indicates that the set of medical records dated December 19, 2017 through June 4, 2018 are new and relate to the period on or before the date of the ALJ's decision. The central question here is whether this evidence is material. Plaintiff argues that

---

[6] The Appeals Council also had before it supplemental evidence from University of North Carolina Health Care dated June 18, 2018 through September 4, 2018 (Tr. 38-88), but concluded that, because the ALJ decided the case through June 13, 2018, it did not relate to the period at issue. (*Id.* at 2.) Plaintiff does not appear to contest the Appeals Council's ruling regarding this evidence. (*See* Docket Entry 13 at 8-9.)

[7] The additional evidence has been included in the Administrative Record before this Court. (Tr. 126-221.)

5

the additional evidence requires the Court to remand this matter because: (1) the evidence undermines the ALJ's decision at Step Three regarding whether Plaintiff met a listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. (hereinafter "Listing 1.04A"); (2) the evidence undermines the ALJ's reasoning at Steps Four and Five; and (3) the evidence undermines the ALJ's assignment of little weight to the medical opinion of Plaintiff's physician, Dr. Sezmin Noorani. (Docket Entry 13 at 9-14.) The Court need not evaluate all of Plaintiff's arguments here because it is clear that the additional evidence requires remand for additional determination of whether Plaintiff meets the criteria of Listing 1.04A.

"At Step Three of the process, the ALJ must decide whether a claimant's impairment or combination of impairments meets or equals one of the listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2018)." *Bates v. Berryhill*, 726 Fed. App'x. 959, 960 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)). "A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (quoting *Bowen v. City of New York*, 476 U.S. 467, 471 (1986)).

To satisfy Listing 1.04A, a claimant must show that they suffer from a spinal disorder such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, [or] vertebral fracture." 20 C.F.R. Pt. 404, Subpt. P, App. I, § 1.04. Second, they must demonstrate that the above spinal condition results in "compromise of a nerve root (including the cauda equina) or the spinal cord." *Id.* Lastly, under 1.04A, the must show the following:

> Evidence of nerve root compression characterized by neuro-
> anatomic distribution of pain, limitation of motion of the spine,

6

> motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

*Id.* § 1.04A. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Additionally, if the evidence fails to show that a claimant's impairment "has lasted or can be expected to last for a continuous period of at least 12 months," he will not be deemed disabled at this step. 20 C.F.R. § 404.1525(c)(4). However, "[a] claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition." *Radford*, 734 F.3d at 294. The burden is on the claimant to demonstrate that he meets all the requirements of a Listing. *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016).

The ALJ's written analysis regarding whether Plaintiff met Listing 1.04A consisted of the following:

> The undersigned considered Medical Listings 1.04, 13.03, and 14.02, as well as obesity in accordance with Social Security Ruling 02-1p. However, the evidence of record does not show that [Plaintiff's] impairments meet or medically equal the severity of these or any other listed impairment.

(Tr. 20.) Plaintiff submitted additional information to the Appeals Council some of which she contends relates to Listing 1.04A. (*Id.* at 126-221; Docket Entry 13 at 9-12.) The Appeals Council determined that such evidence "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (Tr. 2.) The Court disagrees. There is a reasonable probability that Plaintiff meets Listing 1.04A and is "entitled to a conclusive

7

presumption that [she] is impaired." *Radford*, 734 F.3d at 291. Therefore, there is a reasonable probability that the additional evidence would change the outcome of the decision. *See Heatherington v. Astrue*, No. 3:08CV00051, 2009 WL 2043611, at *2-3 (W.D. Va. July 9, 2009) (holding that Appeals Council erred in finding evidence immaterial when it "likely would have affected the [ALJ's] finding that [the] plaintiff did not meet Listing § 1.04." and that the plaintiff was entitled to remand).

To satisfy the first criterion for Listing 1.04A, Plaintiff must have a disorder of the spine. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. Plaintiff meets this criterion because the ALJ found at step two that Plaintiff suffers from the severe impairment of degenerative disc and facet joint disease of the lumbar spine, which suggests such a disorder. (Tr. 19.)

Next, there must be evidence of compromise of a nerve root (including the cauda equina). 20 C.F.R. Pt. 404, Subpt. P, App. I, § 1.04A. The December 2017 through June 2018 records submitted to the Appeals Council contains such evidence. A May 30, 2018 MRI of Plaintiff's lumbar and cervical spine showed, *inter alia*, disc bulging at the L5-S1 level contacting the right S1 nerve root and marked effacement of the left lateral recess, left severe foraminal narrowing, and mild to moderate spinal canal stenosis. (Tr. 211-213.)

Additionally, satisfaction of Listing 1.04A requires nerve root compression characterized by the following: neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpt. P, App. I, § 1.04. The record as a whole includes numerous notations that Plaintiff was experiencing neuro-anatomic

distribution of pain, i.e. pain and numbness through her arms and legs. (*See, e.g.,* Tr. 780, 1451, 1476, 1770.) The record also includes observations that Plaintiff's spine suffered from a diminished range of motion at several points (*id.* at 199-200, 217 1138, 1791) and decreased patellar and upper extremity reflexes (*id.* at 129, 1478, 1648). Motor loss and muscle weakness is demonstrated by a 4/5 assessed motor function in her left upper extremity in November 2017, loss of strength in her legs and upper left extremity on May 8, 2018, loss of upper extremity strength bilaterally on May 15, 2018, and reduced strength in her legs on June 4, 2018. (*Id.* at 186, 199, 219-20, 1772.) Plaintiff also had positive straight leg raise tests for the right side in June 2017 and both legs in July 2017. (*Id.* at 1602, 1662.)

Finally, Plaintiff must also show that her impairment has lasted or can be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1525(c)(4). The medical evidence pertaining to the Listing 1.04A criteria, while not always simultaneously present, date at least as far back as August 18, 2015 (when Plaintiff demonstrated limited range of motion of her spine) (Tr. 1138) through June 4, 2018 (when Plaintiff demonstrated reduced range of motion in her lumbar spine and exhibited reduced lower extremity strength) (i*d.* at 219). This suggests that Plaintiff's condition lasted longer than twelve months.

Defendant contends that the aforementioned evidence does not entitle Plaintiff to a remand because it fails to show that she meets the criteria for Listing 1.04A. (Docket Entry 16 at 11.) Specifically, Defendant argues that: 1) Plaintiff has not established upper or lower extremity atrophy; 2) Plaintiff has not established the requisite sensory or reflex loss; and 3) Plaintiff has not established requisite positive straight leg raising testing. (*Id.* at 11-12.) None of these arguments are persuasive.

9

Defendant's contention that Plaintiff cannot meet the requirements for Listing 1.04A because she has not established upper or lower muscle atrophy is legally incorrect. The relevant criterion of Listing 1.04A only requires that Plaintiff demonstrate "motor loss (atrophy with associated muscle weakness or muscle weakness)."[8] 20 C.F.R. Pt. 404, Subpt. P, App. I, § 1.04; *see also Harshman v. Berryhill*, No. 5:16-CV-261-FL, 2017 WL 3669621, at *7, n.3 (E.D.N.C. Aug. 8, 2017) (holding that Listing 1.04A does not require a showing of both atrophy and muscle weakness), *adopted by*, 2017 WL 3669516 (E.D.N.C. Aug. 24, 2017). As detailed above, Plaintiff has submitted evidence that demonstrates motor loss through a showing of muscle weakness.

Defendant's next argument—that Plaintiff is not entitled to a remand because, as detailed above, only three instances in the record point to reflex loss—is also unpersuasive. Defendant is correct that the record contains multiple notations of intact reflexes. (*See, e.g.,* Tr. 603, 1602, 1772.) However, the ALJ did not explain her application of the criteria to Listing 1.04A to the facts of the case in the record before her, nor did the Appeals Council do so with regard to the subsequently submitted evidence. (*Id.* at 1-4, 13-32.) As stated above, the Appeals Council need not provide an explanation for its reasoning. *Meyer*, 662 F.3d at 705. However, this Court cannot speculate what explanation the Appeals Council (or the ALJ, if she had

---

[8] Defendant cites to two cases for the proposition that atrophy is a requirement of Listing 1.04A. (Docket Entry 16 at 11.) However, neither case supports that proposition. In one case, the Fourth Circuit held that the lack of evidence of muscle atrophy, combined with scant evidence of muscle weakness, failed to undercut the district court's conclusion that the ALJ's decision was supported by substantial evidence. *Henderson v. Colvin*, 643 Fed. App'x. 273, 276 (4th Cir. 2016). In the other, this Court, in holding that substantial evidence supported the ALJ's step three determination, noted that the record did not include either evidence of muscle atrophy or "any significant degree of muscle weakness." *Davis v. Colvin,* No. 1:14CV54, 2015 WL 4276426, at *4 (M.D.N.C. July 14, 2015).

the new evidence before her) would have articulated and provide such an explanation in the first instance. *See Fox v. Colvin*, 632 Fed. App'x. 750, 755 (4th Cir. 2015) ("Our circuit precedent makes clear that it is not our role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."); *Craig*, 76 F.3d at 589 ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary."); *Wilson-Coleman v. Colvin*, No. 1:11CV726, 2013 WL 6018780, at * 6 (M.D.N.C. Nov. 12, 2013) ("[A]ssessing the probative value of competing evidence is quintessentially the role of the fact finder and this Court is not authorized to undertake the analysis in the first instance.").[9]

Finally, Defendant correctly notes that the record does not clarify whether Plaintiff's positive straight raising leg tests were both sitting and supine. (Docket Entry 17 at 12.) However, Defendant is incorrect that this means Plaintiff does not satisfy Listing 1.04A. (*See id.*) "[T]he Court may reasonably assume for these purposes that, absent indication otherwise, the straight-leg test[s] . . . [were] performed in both the seated and supine positions." *Newkirk v. Berryhill*, No. 7:15-CV-273-BO, 2017 WL1102615, at *2 (E.D.N.C. 2017).

### B. Alleged Material Conflicts Between the RFC and Medical Opinions

Plaintiff also argues that the ALJ's decision fails to address material conflicts between the medical opinions of the state agency psychological consultants and the RFC. (Docket

---

[9] In any event, it is simply not apparent to the Court that the notations evidence regarding Plaintiff's reflex loss played a significant role in the ALJ's finding that Plaintiff did satisfy Listing 1.04. (Tr. 20.) Notably, while evidence of reflex loss existed in the record before the ALJ (*id.* at 1478, 1648), the evidence of nerve root compression only appears in the newly submitted evidence (*id.* at 211-213) and would not have been considered by the ALJ.

11

Entry 14 at 1-3.) The Court need not resolve this argument now, given that remand is proper for other reasons. However, the ALJ should ensure that any inconsistencies in the evidence are addressed.

## VI. CONCLUSION

The medical records dated December 2017 through June 2018 are material because there is a reasonable probability that an ALJ will find Plaintiff meets the criteria for Listing 1.04A. None of this necessarily means that Plaintiff is disabled under the Social Security Act and the Court expresses no opinion on that question. Nevertheless, the Court concludes that the proper course here is to remand this matter for further administrative proceedings.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 15) should be **DENIED**, and Plaintiff's Motion for Judgement Reversing the Commissioner (Docket Entry 12) should be **GRANTED**. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

August 14, 2020
Durham, North Carolina